We will try to keep counsel to the time allotted because we have a number of cases. I understand. Good morning, Your Honors. Good morning. Bruce Shulzin, firm of Lowenstein Sandler, Roseland, New Jersey, on behalf of the appellants. I'm here with my colleague David Van Graal. Good morning. May I proceed? This is an appeal from the determination of the trial court below that the action, the Arlupe action instituted by the plaintiffs, the appellants, was not right because of the absence of a prior variance application and a decision on that variance application. You're still operating it right now, are you not? We are, Your Honor. And what is the status as to its use as a dormitory for some students at the moment? The property involved has six students living in a parsonage, which was a historical use of that building. And is the parsonage part of the building? It's an adjacent building on the same lot. I apologize. Are you saying that historically this had students boarding? It had. My understanding was that perhaps there might have been a rabbi in residence, but this was not a place where you had multiple students living. The testimony at the hearing, and I wasn't present at this part of the hearing, but the testimony at the hearing was that these who are living there are junior rabbis, people who are involved in the rabbinic functions and assisting in the operations of the yeshiva. So that the position— Different from the normal students. Different from—so nobody's boarding there who isn't a rabbi? Is that what— That was the testimony. Who isn't a rabbi or a rabbi-in-being coming into effect? It's not clear from the record, Your Honor. I don't want to misstate something. Because they could be religious students who will ultimately hope to be rabbis. They were called, in the record, junior rabbis. That's what it says. Okay. Go ahead. We argued before the district court, and it's our position before this court, that the issue in this case is not a variance-type issue. The issue is whether the zoning ordinance of Roosevelt applies in any respect to the activities carried on on the property because of the fact that the New Jersey Municipal Land Use Law specifically protects pre-existing uses. Those are uses which were in existence prior to— What do you mean by what pre-existing means? Prior use was a synagogue, right? Our argument is, and the testimony of our expert was, that in the Orthodox Jewish approach— You said a yeshiva is a subtext of a synagogue. Correct. But this particular sub-part of the synagogue was not in use at the time that the synagogue was a, quote, non-conforming use, close quote, was it? That is correct, Your Honor. What is the status of the New Jersey Superior Court action? Two weeks ago tomorrow, the court held a hearing on the issue of whether the planning board was correct or incorrect in holding that a variance was required. The court has not rendered a decision on that matter. But the fact of the matter is that since the court held the hearing, the court may very well hold that no variance is required. If no variance is required, then it's hard to understand how we could be required to apply for a variance. And that's our point, that the major issue here is, is a variance required in the first instance? Do you have a motion for a stay pending? No, we don't have a motion for a stay pending. In fact, there is a separate action that was filed, which the New Jersey Superior Court has deferred for the moment by objectors seeking to compel the municipality to enforce the ordinance against my clients. And that's pending. Nothing has happened with respect to that. Is that in the New Jersey Superior Court? Yes, Your Honor. The Superior Court is an appellate court or a trial court? It's a trial court. I see. So whatever the New Jersey Superior Court holds would be subject to an appeal. That is correct. It's an appellate court in New Jersey. And it's inevitable that there will be an appeal whichever side prevails. Now, you've said in your briefing and then again here just a moment ago that if the New Jersey Superior Court says a variance isn't necessary, that drives the result in this court. I want to explore that with you for a minute because it occurs to me that it's certainly possible as a matter of state procedural law that somebody could have a right to appeal directly to the Superior Court from the Zoning Board's decision and be told, in fact, that if they want to, they don't have to apply for a variance, but that as a matter of federal rightness law and the finality rule under Williamson, it could be the case that a exhaustion of possible administrative avenues is still required in order to make a federal claim. Why? And I think that's the reasoning that your opponents are pressing. Why is that reasoning an error? I think it is an error. A variance is a departure from the term defined in the New Jersey Municipal Land Use Law as a departure from the requirements of an ordinance. If the final decision in the New Jersey process should be that no variance is required, that this, in fact, is a preexisting non-conforming use and therefore protected under the New Jersey statute. Incidentally, there's a second statute which is also implicated and that's a non-discriminatory statute, statute which prohibits discriminating against non-public schools. But the issue is the same under either one. Let's assume you win on that. Then... You're not home yet, are you? You still need to go back and get a variance, do you not? No, we don't. Well, they said to you that part of the problem was that the yeshiva perhaps significantly expanded the already preexisting non-conforming use. So wouldn't you still need to go back to them? No, Your Honor, we would not. Our argument before the superior court judge was specific on that issue, namely that there's no evidence in the record of expansion and what the judge in the superior court action has to determine in coming to the conclusion that it's a preexisting non-conforming use is that it hasn't improperly expanded. If it's improperly expanded, then it does not have the protection of being a permitted continuation of the preexisting non-conforming use. They go hand-in-hand. For example, if the use was permitted, the classic case Belleville against Perillos, the New Jersey Supreme Court case in which a restaurant converted itself to a disco, the issue there was, was that an improper change in the non-conforming restaurant use? The court said a disco is not a restaurant, therefore you need a variance. If the superior court were to hold in our case that the yeshiva, notwithstanding our expert testimony, that the yeshiva use is not the counterpart of a house of worship use as far as Orthodox Judaism is concerned, then we would have to get a variance. But if the court holds that it is a continuation of that use, albeit in a different form, we would not have to seek a variance. How about if it's an increased intensity of the same non-conforming use? I think that's the argument we're being told. It's one thing to say you can have some religious instruction. One would expect that in a house of worship. It's another to say we're going to have dozens of students, some of them boarding, some of them not, and that that may in some sense be the same use, but it's a vastly more intense kind of use, and that in and of itself changes the character. What's your response to that? My response, Your Honor, first of all, is to say that this kind of discussion is the discussion that we ask to have before the district court. We ask the district court to do two things, to rule on our Lupa case that the case was right, and in order to do that we said you have to decide the state court issue, which is the issue that Your Honor is touching on. The rapeness issue, without looking at the totality of the factual situation, was improperly treated by the state court. Your Honor's questions go to the very essence of whether it's an expansion of a non-conforming use. Your Honor's questions go to the exact discussion that was held before the superior court two weeks ago. Now, if you want to get into those issues, I have a whole new series of citations for you and other things. That's not what's before this court today. I think this court has to accept the fact that however the superior court comes to or the appellate division or the New Jersey Supreme Court comes to the ultimate decision that this is a preexisting non-conforming use, that ends the discussion and no further variance inquiries are appropriate. I understood Judge Jordan's question to ask about the parameters of the prior use. I understand. Whether this extended the prior use. But that's the issue before the superior court, Your Honor. Let me ask it this way and see if I can make myself clear. It occurs to me that perhaps you could have a partial success before the state court system. That is, the state court could say, yeah, this is a prior non-conforming use, but not have answered the question of whether within that non-conforming use there was an increased intensification of it of a sort that would require a variance. Is that a possible answer? I suggest that that's not possible, Your Honor. It's up or down. Either it is. How is it not possible if that's what they did? I mean, they did say that their concern was that it was an intensification of a preexisting non-conforming use. But we contend that the board was incorrect. We're now dealing with what could the court do. And the court, I suggest, the superior court of New Jersey, the appellate division, and the Supreme Court of New Jersey has to determine one way or the other, is this a continuation of the preexisting non-conforming use? In all of its entire framework of what it is, is it a continuation? If it's not, then we need a variance. If it is, we don't need a variance. If you're going before a state court and asking them whether you need a variance as a matter of state law, then why are you also at the same time before a federal court trying to bring a constitutional issue in which it's obvious from our questions that we have concerns about ripeness? I'm here because of the fact that there was a decision below. And I'm concerned, either on an argument of law of the case or race judicata, that if we do win before the superior court of New Jersey and then seek to come back into the federal court for our LUPA case, that we are now faced with the argument that we're precluded because we didn't seek a variance. If you do win at the state court level, isn't it a game, set, and match? It's game, set, and match on variance, but not on our LUPA. An observer of all of this might think that you have made the prediction that you won't get a variance because if you were fairly assured that you would have gotten a variance, then you wouldn't have all this litigation. I think that observer would be correct. And as we pointed out in our brief, the standards with respect to variance and review of variance are very, very strict. There's a presumption of correctness. There's a higher vote requirement so that my adversaries want us to seek a variance because they know that our ability to appeal that is slim and none. Which comes back somewhat full circle to my question. If you got the variance and you think you wouldn't have to be here, then you're being here while the variance is being litigated in state court, which seemed to indicate that it's not right. The variance is not being litigated in state court. What's being litigated in state court is whether the ordinance applies to this use at all. But if it does apply, then you have to go for a variance. Then we have to go for a variance.  That sort of answers the question, doesn't it? Then I don't want to be faced with the issue of race judicata because of the decision, the outstanding decision of the district. Well, the outstanding decision of the district court was on ripeness, was it not? That's correct. And it said on ripeness, it said it's not ripe until you apply for a variance. Okay. All right. Thank you very much. I think we understand your position. I hear from Ms. Hamilton. May it please the court, my name is Marcy Hamilton, and I represent the defendants in this case, along with my colleagues Howard Cohen and Michelle Donato and Michael Sullivan, who are with me today. We are here simply to ask this court to affirm Chief Judge Brown's decision that it is not time for the federal courts to be involved in this case. We have a very narrow argument. It's solely a ripeness argument. One factual question. After the hearings, was the record, or did somebody attempt to develop the record with respect to the effect of the JIVA on the community, on the intensity issue? The intensity issue was testified to and is part of the record with respect to the resolution, which is in the appendix in this case. To the first point that was raised with respect to what's going on in the property right now, if you go to A81 in the appendix, you'll see that in paragraph 40, the board found that the Yeshiva is now a boarding school with six junior rabbis residing in the Parsonage House, but with additional students residing on the Brotman property, which is to say that it's been a boarding school from day one. And the fact that it's a boarding school, number one, means that there's no issue with respect to the notion of discrimination between public and private. This is a boarding school. And that's been on the record since the first hearing with respect to the board's determination. So the issue before this court is solely whether or not it's appropriate for the federal courts to be involved in this case yet. We are not arguing that it will never be appropriate. I mean, we'll say there's no oral loop of violation, but we're not even close to arguing that. The question is, they have decided to avail themselves of the state courts. So what's the response to your opponent's statement that, boy, if I didn't take this appeal, I'd be hearing race judicata from Ms. Hamilton down the road as to my oral loop of claim? Well, there can't be race judicata from an opinion on whiteness. This is solely a jurisdictional issue. And the only question that Chief Judge Brown addressed was whiteness. And whatever the reasons for the whiteness inquiry, he determined there was no jurisdiction. Let me interrupt you. And that's certainly how I always understood whiteness. So if your opponent has that assurance, they could safely withdraw this appeal with no concern at all about preclusive effect on any of their federal claims. Is that right? Not on the substantive claims. The only question is whiteness at this stage in litigation. And they've actually complicated their position by going to state court, because not only are they asking the federal courts to rule on our loop of claims, now they're asking the state courts to rule on a state law issue, which federal courts are supposed to defer to state courts. Did you guys ever talk about the possibility of maybe not briefing this thing and bringing it up here and having everybody in for argument since it does seem that the concern that's being expressed is one that can be and has been allayed by both the law and your statement, is the fact that there's no preclusive effect danger here at all been a matter of discussion between counsel? No, this is the first time that we've heard these particular concerns. But it's important to my client for the district court to be affirmed on ripeness, because. Why? Why would you care whether this thing is withdrawn or not if you agree that it's not preclusive? Who cares whether this court rules at all? Well, Your Honor, the question is states' rights and whether or not the federal courts should be overseeing the local and state procedures right now. You've got a decision on the record. You've got a district court opinion saying it's not right. What difference does it make whether we weigh in? Well, so long as my friend, Mr. Scholson, is going to move this point, we're going to ask for an opinion. If he'd like to withdraw his appeal on the basis of conceding ripeness at this point in litigation, we can hardly disagree with that point. Ms. Hamilton, when would it be ripe? It would be ripe if, in fact, once we were to hear from the layers of the New Jersey Supreme Courts that they, in fact, had to or did not have to get a variance. Well, if they had to get a variance, then they'd have their Arlupa claim. Well, if they have to get a variance, then it's definitely not ripe under this court's determinations in Taylor Investments and A.C. Arano. I mean, I don't think there's any question. In fact, the leading Supreme Court case, Williamson, is a case about refusing to get a variance. And so they would have to go through that procedure. The big problem here is that not only do we have a boarding school in a residential neighborhood in a town of 900, a very tiny town that's only 2.2 square miles. This is a very small town. But the impact is intense. But Williamson doesn't deal with Arlupa. It was a takings case. It was a takings case. Yes. And so their claim is that, as I understand it, if you make them get a variance, let's assume that the New Jersey courts up to the Supreme Court, who knows how long that will take, but up to the Supreme. If you make them get a variance, that's a violation of Arlupa. Well, that's just insupportable. But that's going to be their claim. But it's an insupportable claim based on all of the cases that are out there. This court in A.C. Arano and Taylor Investment. In Delaware, it's a Cherno. A Cherno, I'm sorry. In those two cases, what we've got is the court saying, with respect to constitutional rights, not statutory rights, constitutional rights, you have to go through a variance procedure, and then that's appropriate. In response to your earlier question about whether or not a variance might be provided or not, I don't think the resolution could be any clearer, as Chief Judge Brown made it very clear, that it's an open system, that they have a very good chance of getting a variance with the arguments that they bring. Now, does that mean that any applicant for a variance is going to get everything they ask for, and that's not true in any town in New Jersey? Do you agree or disagree with your opponent's suggestion that the decision of the New Jersey courts is going to drive here? In other words, that if the New Jersey court says no variance is needed, that's the end of it and they can come back on their ARLUPA claim? Well, I mean, there are procedural distinctions here. They wouldn't have an ARLUPA claim if the New Jersey courts said no variance is needed. You still have to apply for the variance and it has to be denied in order for them to be right, don't you? Right, under federal law. If they said no variance is needed. This is what I understand Mr. Schultz's assertion to be, and I would like you to respond to it directly. I understand his assertion to be the congregation can win in the New Jersey courts if the New Jersey courts say you don't have to go for variance. This is a preexisting nonconforming use. You're entitled to do what you're doing. If that's the ruling, do you agree that that makes all the discussion here about ripeness? It's done. It's at that point in fact right and they could come back on their ARLUPA claim. I don't think there's – I think that's right. But it's not just the superior court ruling that we're talking about here. They have decided to enter the state system. Most ARLUPA cases do not take this route. They have decided to take all of their state claims to the state courts. They've bifurcated the case and put all the federal claims in federal court. It cannot be enough if the superior court, say today or in three months, rules that they don't need a variance. That has to be appealed. So the notion that they would have any kind of right under ARLUPA to – they have walked off that plank because they've chosen the state court system. And it's settled. Under federal law, federal courts defer to state court interpretation of state law. They are asking state courts to interpret that state law. So now, I mean, I can't predict what kind of grounds the state court in New Jersey will have. I can't say that we wouldn't have other objections to rulings in New Jersey. But in federal court on the ripeness issue, that seems to me the crux of the matter. It certainly is under Taylor Investment. And as Chair – am I saying it correctly now? Chair now. Chair now. Well, Midwest girl. Could they end up with half a loaf? The question I asked Mr. Schultz before is a possible outcome here that the New Jersey court system says, well, it is a prior existing use, but we need factual development or something to find out about intensity of use. I mean, it's possible. Well, I mean, the problem is that the standard the court's determining this issue under is arbitrary and capricious. They're determining whether or not the board was arbitrary and capricious in finding that this was a nonconforming use that requires a variance. They are not determining the variance at all. So the only thing the state courts are looking at is whether or not the board acted arbitrarily and capriciously. My view, though, on the decision tree is if anything short of the New Jersey court system saying, you are a prior existing nonconforming use, you're okay, anything short of that means we're still not ripe to be going forward in federal court. Is that right? Well, it means that they have the option of applying for a variance. Which means it's not ripe here in federal court. That's right. The problem right now on the ground is that there has never been a plan produced by the yeshiva to anyone in Roosevelt. The litigation that resulted in the resolution was between the neighbors and the yeshiva. We don't know what they intend. All we know is that we have evidence at the board's hearing on it's a boarding school on the Brotman property and we now have notices of violation with respect to dormitories closer to where the yeshiva is operating now. Has the board decided the issue that Judge Jordan keeps referring to, the intensity of the use? Has the board, I mean, was there a factual decision that this use expands the prior use? Yes. Yes, the board concluded that in 2005 the introduction of the school was a new use that had not been in place before, that it was already a non-conforming use on an undersized property and that the addition of a school and what the board said was an intensification of the use. So it was both the addition of a use and the intensification of use. So if you have an intensification of the use, then you still need a variance, you're saying? Yes. Yes. And that was after an evidentiary hearing. After an evidentiary hearing and public hearings. The public must be included as well. I'd ask you, Mr. Scholz, if there was a variance needed with regard to the use rather than the intensification and state courts went his way and he said he would not need a variance with regard to the intensification, but that doesn't seem right, does it? Well, what he's arguing is that if the state court holds he doesn't need a variance, then he doesn't need a variance. But I thought his argument would be that the ordinance doesn't apply to, I don't know, I'm not sure, it seemed to me that he would still need to get a variance with regards to the intensification of use rather than just the actual use itself. Well, the hard part for the state court to find that this was arbitrary and capricious is that it sat on two sets of evidence. One, that it was intensification of a preexisting use, which means you need a variance, and two, it was a new use added to a preexisting use under land use law. So both of those need to be determined to be arbitrary and capricious holdings in order for the state court to find that they did not need to seek a variance. I think that's a very hard argument to make, but the state court hasn't ruled yet. Do you know what the status is at the state court or how likely it is? Well, the hearing was held almost two weeks ago, and we're just waiting for a decision. He's certainly aware that the federal court is holding oral argument and is considering the ripeness issue, but that's all we have at this point. Do you agree with Mr. Shulzen that either way it goes, an appeal is almost a certainty? Yeah, I guess that's right. I guess that's right. We are certainly not going to accept a conclusion from the lowest level court in New Jersey that no variance is required when you have a school. So he'll appeal and he'll appeal. That's right. And the state courts will be in the position of doing what they're supposed to do, which is interpreting state law. And there are two levels, right? Yes. After the superior court, there's an intermediate appellate court, and then the supreme court. It goes up to the supreme court. And if the – we don't necessarily – neither of us have a necessary review as of right up at the supreme court, but it depends on the votes and that sort of thing. Yeah. Okay. So. All right. Okay. Thank you. Thank you very much. We would just ask affirmance. Yeah. I did reserve some time, but. Good. Then you're free to take it. Thank you. First of all, let me just address intensification immediately. We cited cases to the court, and we believe that the law in New Jersey is that intensification is not, and I underline the word not, a relevant factor in determining whether. But that's a state court. That's an argument you're making in state court, right? Well, but that's the issue. The issue is can we – your Honor's question was can we get a variance and still have to deal with intensification. But for our purposes today, it seems as if for ripeness generally, courts consider three factors. One, the likelihood that the harm alleged will ever come to pass, and we don't know it. Two, whether the factual record is sufficiently developed, and I have real concerns that it's not sufficiently developed. And three, that the hardship to the parties if judicial relief is denied, and it seems that there's no hardship right now for the congregation because the process of applying for the variance doesn't appear overly burdensome, and the congregation is allowed to operate the yeshiva in the interim, right? Well, we are operating it now. I don't know what's going to be the outcome of this other motion that's pending by the neighbors, and I don't know whether the municipality will decide if this court were to hold, were to affirm the district court, or if the district, or if the superior court judge were to rule against us. And that matter we're going up on appeal. I don't know what posture the municipality would take. It seems as if there's almost like two elephants in the room. One, federalism, that you normally let states decide land use issues. And two, you don't decide a constitutional issue that you don't have to decide. I agree. Those are certain important considerations that the court has to deal with. But I think it's important for me to make clear to the court, the intensification question is not a legal question. Intensification is not a factor in determining whether there is a preexisting nonconforming use is the continuing use. Well, you've said, and I'm certainly prepared to accept, I think we all are, that that's something that's in front of the state courts. So let me put to you, Mr. Schultz, and what I put to Ms. Hamilton. Why are we here? If your concern was you're going to be precluded on your ALUPA claim, and you've heard from your opponent's mouth, they're not going to get that from us. That's just legally not a risk. Why do you need to hear from us? Why can't you just withdraw this appeal and your only concern having been preclusion and move forward with the state court? Why do you want to fight a two-front battle? I don't want to fight a two-front battle, Your Honor. I want to be able to have a determination as to whether or not I need a variance, and if that determination is that I don't need a variance and therefore can continue the use, I want to have the right to bring my ALUPA action. Mr. Schultz, has anybody tried to mediate between the yeshiva and the neighbors? Because what's at bottom, what's at issue at bottom is, and we read it in the brief, the character of the community has changed. So you have neighbors on one side and the yeshiva on another side. Has there been any attempt? Now, maybe it can't be, but has there been any attempt by a neutral observer to put you both together? I want to respond directly to that, Your Honor, but I still have to. Please respond before you go off. Okay. There have been meetings. I had meetings with the mayor of the town. I had meetings with prior persons within the town. We've reached out to the immediate neighbors. There's no interest. No, no, but that's the parties. What I'm asking is, has any third neutral observer come in to talk to both of you? It's called mediation. No, I know. Yes. I'm aware of what mediation is. No, Your Honor, we did speak to the mediator of the circuit. That's on the case. I was asked what kinds of things I would like to have discussed, and I think my adversary was asked, but nothing came of that. But no third-party mediator has been brought in. That's correct. Don't you think that in today's day and age that might be useful? I think it would be useful, and I would be happy to commit my client to do that. But the record shows that the tempers in the town, at least historically, have not been in favor of that. But the comment I just want to make, Your Honor. I mean, we mediate things with other countries. I'd be happy to. I'd be happy to do it, and I'll take back that suggestion and discuss it with counsel. The point that I wanted to make first is I asked the court not to jump to conclusions as to what the status within the town is based on the resolution and the statements in the resolution. If one compares the resolution adopted by the board with the testimony before the board, you'll see that there is no relationship. Well, that's a state court. That's not an issue for us. No, it's not a question of legal issues. It's a question of your impression as to what's going on in the town. I need to get a response to this, though, Mr. Schultz, because I am left puzzling why are we in this courtroom. Do you agree that rightness results in a non-prejudicial dismissal, no prejudice on a dismissal on rightness? I may agree, but I want locked up assurances from my adversary to the effect that they're not going to assert it. They've asserted claims in the state court, which I never would have believed would have been asserted, but they asserted them. And I don't want to litigate issues that I don't have to litigate. Thank you. We will take the matter under advisement. Thank you, Your Honor. It was well argued.